865 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Calvin R. HARRIS, Plaintiff-Appellant,
v.
Wayne STINE, Captain and Theodore Koehler, Warden,
Defendants-Appellees.
 No. 87-1990.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1988.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. This pro se plaintiff seeks review of a judgment in favor of the defendants in his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Plaintiff has also moved for appointment of counsel. Upon examination of the the record and plaintiff's brief, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Calvin Harris alleged that the defendant prison officials violated his eighth amendment right to be free from cruel and unusual punishment, when during the course of a prison disturbance in May of 1981 he was sprayed with tear gas by defendant Stine. Harris further alleged that after he was sprayed, he was pushed down a flight of stairs, then kicked and beaten by Stine and others. Harris also claimed that the medical treatment he received for the effects of the tear gas was violative of the eighth amendment.
 
 
 3
 The matter was heard during a two-day bench trial before the district court. The court concluded from the evidence presented that the plaintiff's eighth amendment rights were not violated. In essence, the court concluded that Stine's use of tear gas in the course of a disturbance created by the plaintiff was reasonable under the circumstances. The court further concluded that the allegations of the shoving and beating were unsupported by the evidence, and that no deliberate indifference to Harris' medical needs occurred. The district court entered judgment in favor of the defendants.
 
 
 4
 On appeal, Harris argues that the district court's findings of fact are erroneous.
 
 
 5
 Upon review of the record, and the transcript taken at the trial, we affirm the judgment of the district court. The findings of fact of the district court will not be set aside unless "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). No such mistake is indicated in the record.
 
 
 6
 The record supports the district court's conclusion that no violation of Harris' eighth amendment rights occurred. The use of tear gas upon the plaintiff in an effort to subdue him and restore order fails to amount to a wantonness in the infliction of pain tantamount to a knowing willingness that it occur. See Whitley v. Albers, 475 U.S. 312 321 (1986). Neither does the record demonstrate that the defendants or medical personnel exhibited a deliberate indifference to Harris' medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Further, it was not clear error for the court to conclude that Harris was not shoved down a flight of stairs and beaten.
 
 
 7
 Accordingly, the plaintiff's motion for appointment of counsel is denied, and the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.